IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18 C 6159 |
| | ) | |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| ELMWOOD PARK POLICE OFFICERS DANIEL LA PENNA, STAR NO. 4229; ELMWOOD PARK POLICE OFFICER LAWRENCE J. SWOBODA, STAR NO. 6521; ELMWOOD PARK POLICE OFFICER JOSEPH GIOVENCO, STAR NO. 9700; and the VILLAGE OF ELMWOOD PARK, a municipal corporation, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff William Anderson filed a seven-count complaint against defendants Elmwood Park Police Officers Daniel La Penna, Lawrence J. Swoboda, and Joseph Giovenco, and their employer, the Village of Elmwood Park, claiming that he spent nearly two years in the Cook County Department of Corrections based on false charges. The complaint alleges: unlawful detention, in violation of 42 U.S.C. § 1983 (Count I); excessive force, in violation of 42 U.S.C. § 1983 (Count II); conspiracy, in violation of 42 U.S.C. § 1983 (Count III); failure to intervene, in violation of 42 U.S.C. § 1983 (Count IV); unlawful search and seizure, in violation of the Fourth Amendment (Count V); malicious prosecution, in violation of state law (Count VI); and indemnity, under state law (Count VII). The defendants have filed a motion to dismiss Counts I, III, IV, V, and VI, as well as any claims against defendant, the Village of Elmwood Park, arising under § 1983, and any claims for punitive damages against the Village of Elmwood Park, for

failure to state a claim under Fed. R. Civ. P. 12(b)(6). For the reasons described below, defendants' motion is granted in part and denied in part.

## BACKGROUND[1]

On September 9, 2016, plaintiff William Anderson was outside near his apartment in Elmwood Park, Illinois. At the same time, the defendant officers responding to a call of a suspicious person in the area, stopped plaintiff to question him. The complaint alleges that the suspicious person was described as "a male white with facial tattoos wearing a black hooded sweatshirt." Plaintiff is an African-American male with no facial tattoos and was not wearing a black hooded sweatshirt. Plaintiff alleges that he initially cooperated and answered all of the officers' questions. Ultimately, however, the officers allegedly tackled plaintiff to the ground, struck him in the face and body, and tased him numerous times. While plaintiff was being tased, two of the officers allegedly continued to strike him. Plaintiff was then arrested and searched. During this search, officer Giovenco claimed to have found a handgun in plaintiff's pocket. Plaintiff was transported to Gottlieb Hospital and received medical attention.

After being released from the hospital, plaintiff was interrogated by officer Giovenco. Officer Giovenco then contacted the Cook County State's Attorney's Office and allegedly provided false information, "including a false description of what occurred before Plaintiff was tackled, a false description of what happened while Defendants beat the Plaintiff, and a false statement that Plaintiff William Anderson had made an admission to fighting with the Defendant

---

1 The factual background is taken from the allegations of plaintiff's complaint which are presumed true for purposes of this motion. Firestone Fin. Corp. v. Meyer, 796 F.3d 822, 826 (7th Cir. 2015).

2

Officers." The officers also allegedly falsely claimed, to the Cook County State's Attorney's Office, that officer La Penna had suffered a fractured knee and officer Swoboda had suffered broken bones in his hand as a result of this event. Months later, officer La Penna also claimed to have suffered a back injury as a result of the incident.

The defendant officers' statements led to plaintiff being charged with various felonies, including armed habitual offender, aggravated battery to a peace officer, and resisting or obstructing a peace officer. The Cook County States Attorney's Office allegedly relied on the defendant officers' false claims at plaintiff's bond hearings. Plaintiff alleges that as a result, his bond was so high he could not afford to post bond and remained incarcerated for nearly two full years.

On September 8, 2017, the criminal court judge granted plaintiff's motion to quash and suppress, and the gun, allegedly recovered from plaintiff's pocket, was ruled to be inadmissible at trial. On August 28, 2018, plaintiff pled guilty to misdemeanor resisting a police officer and was sentenced to 364 days. In exchange for his guilty plea, all felony charges were dismissed *nolle prosequi*, and plaintiff was released from custody.

## DISCUSSION

Defendants have moved to dismiss Counts I, III, IV, V, and VI, as well as all claims against defendant, the Village of Elmwood Park, arising under §1983, and any claims for punitive damages against the Village of Elmwood Park, for failure to state a claim. A motion under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). The court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in plaintiff's favor. Roberts v. City of

Chicago, 817 F.3d 561, 564 (7th Cir. 2016). The complaint must allege sufficient facts that, if true, would raise a right to relief above the speculative level, showing that the claim is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). To be plausible on its face, the complaint must plead facts sufficient for the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### Count I: Unlawful Detention

Plaintiff alleges that he was unlawfully detained on false felony charges and that the Supreme Court's decision in Manuel v. City of Joliet, __ U.S. __, 137 S. Ct. 911 (2017), provides the basis for a § 1983 claim. In Manuel, the Supreme Court recognized a cause of action under the Fourth Amendment for unlawful pretrial detention. Id. at 914. Plaintiff argues that his pretrial detention was unlawful because there was no probable cause to support his felony charges. Defendants argue that this claim is barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994), which held that a plaintiff who has been convicted of a crime cannot maintain a § 1983 claim where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck, 512 U.S. at 486–87. Defendants argue that because plaintiff pled guilty to misdemeanor resisting arrest, his § 1983 claim is barred by Heck.

A claim under Manuel "prohibits government officials from detaining a person in the absence of probable cause." Manuel, 137 S. Ct. at 918–19. This "can happen when the police hold someone without any reason before the formal onset of a criminal proceeding. But it also can occur when legal process itself goes wrong—when, for example, a judge's probable-cause

4

determination is predicated solely on a police officer's false statements." Id. The Fourth Amendment governs claims for unlawful pretrial detention. Id. at 914.

Plaintiff's complaint alleges that his pretrial detention was unreasonable because the "Defendant Officers unlawfully detained Plaintiff without justification and without probable cause on false felony charges." In their reply, defendants argue that "[t]o set forth a claim under *Manuel*, the plaintiff must establish the following elements: 'the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor.'" The case defendants cite, however, makes clear that this is the standard to set forth a malicious prosecution claim—not unlawful pretrial detention. Kuri v. City of Chicago, 2017 WL 4882338, at *7 (N.D. Ill. Oct. 30, 2017) ("Likewise, to bring a claim of malicious prosecution under the Fourth Amendment per Manuel v. City of Joliet, 137 S. Ct. 911 (2017), courts have set forth the following elements: 'the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor.'"). Moreover, on remand, the Seventh Circuit has clearly stated, "[a]fter Manuel, 'Fourth Amendment malicious prosecution' is the wrong characterization. There is only a Fourth Amendment claim—the absence of probable cause that would justify the detention. The problem is the wrongful custody." Manuel v. City of Joliet, 903 F.3d 667, 670 (7th Cir. 2018) (citations omitted). The analysis is "a plain-vanilla Fourth Amendment" analysis. Id. By alleging he was detained without probable cause, plaintiff has stated a claim under Manuel.

Thus, Count I states a viable claim unless the claim is barred by Heck. Following a conviction, a plaintiff cannot bring a civil rights suit seeking damages which, if granted, would

5

create an implication that the criminal conviction was invalid. Heck, 512 U.S. at 486–87; see also, Shelby v. Gelios, 287 Fed. App'x 526, 529 (7th Cir. 2008) (holding that the Heck bar is not limited to § 1983 claims). Plaintiff does not allege that his conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," as required by Heck. 512 U.S. at 486–87. Therefore, this court must dismiss any claim that, if granted, would necessarily impugn plaintiff's conviction.

On August 28, 2018, plaintiff pled guilty to misdemeanor resisting arrest and was subsequently sentenced to 364 days in the Cook County Department of Corrections. In exchange for his guilty plea on the misdemeanor charge, the felony charges were dismissed *nolle prosequi*. Plaintiff's unlawful detention claim alleges that there was no probable cause for the felony charges of armed habitual offender, aggravated unlawful use of a weapon, aggravated battery to a police officer, and felony resisting arrest. Thus, to avoid his claim being barred by Heck, plaintiff will need to prove there was no probable cause for the felony charges without impugning his misdemeanor resisting arrest conviction.

The parties agree that the only difference between felony resisting arrest and misdemeanor resisting arrest is that the felony charge requires that the defendant proximately caused an injury to the officer. Defendants argue that this alone shows that a finding that there was no probable cause for the felony charge would impugn plaintiff's misdemeanor conviction. Plaintiff's complaint, however, alleges that the police officer defendants falsified claims of injuries, and that, in fact, plaintiff did not cause any injuries to the officers. At this stage, there is nothing to suggest that a finding that there was no probable cause for the felony resisting arrest

charge would necessarily impugn plaintiff's misdemeanor conviction. Nor is there anything to suggest that a finding that there was no probable cause for the other felony charges would necessarily impugn plaintiff's conviction.

As currently drafted, however, plaintiff's complaint is inconsistent with his conviction. "[I]f [the plaintiff] makes allegations that are inconsistent with the conviction's having been valid, Heck kicks in and bars his civil suit." Okoro v. Callaghan, 324 F.3d 488, 490 (7th Cir. 2003). In Okoro, the plaintiff claimed police officers stole gems from him when they arrested him on drug charges. Id. at 489. In his complaint, however, he claimed he had not been selling drugs. Id. In holding that his claims were barred by Heck the Seventh Circuit noted that:

> He could argue as we have suggested that the defendants had taken both drugs and gems, and then the fact that they had violated his civil rights in taking the gems (if they did take them) would cast no cloud over his conviction. Or he could simply argue that they took the gems and not say anything about the drugs, and then he wouldn't be actually challenging the validity of the guilty verdict. But since he is challenging the validity of the guilty verdict by denying that there were any drugs and arguing that he was framed, he is barred by Heck.

Id. at 490.

In the instant case, even drawing all reasonable inferences in plaintiff's favor, plaintiff's description of the events in his complaint includes language that implies his conviction is invalid. For example, the complaint states "[d]espite his cooperation, Defendant Officers Swoboda and Giovenco ordered Plaintiff William Anderson to place his hands on the squad car and remain in that position." The complaint goes on to allege "[a]fter standing with his hands on the squad car for a period of time, Plaintiff William Anderson repeatedly expressed his desire to leave, stating that he had done nothing wrong. As Plaintiff William Anderson turned and told this to Defendant Officers Swoboda and La Penna, Defendant Officers Swoboda and La Penna tackled William

7

Anderson to the ground." Plaintiff's misdemeanor conviction required a showing that he "knowingly resist[ed] or obstruct[ed] the performance by one known to the person to be a peace officer . . . of any authorized act within his or her official capacity." 720 ILCS 5/31-1(a). Plaintiff's description of the events is inconsistent with a showing of these elements. Although plaintiff could have drafted his complaint to avoid this inconsistency, as currently drafted, his claims are barred by Heck. The court will allow plaintiff to file an amended complaint to cure this defect.

### Counts III (Conspiracy), V (Unlawful Search and Seizure), and VI (Malicious Prosecution)

Counts III, V, and VI of plaintiff's complaint are also barred by Heck because, as discussed above, plaintiff's complaint is inconsistent with his conviction.

### Count IV: Failure to Intervene

Defendants' motion to dismiss requests that "[t]his court should dismiss . . . Count IV to the extent it arises from an allegation of false arrest pursuant to Heck . . ." Plaintiff's response to that motion makes clear that his complaint alleges unlawful detention, not false arrest. Defendants' reply does not address this count further. Therefore, defendants' motion is denied as to Count IV.

### Claims Against the Village of Elmwood Park

Defendant correctly notes that "[i]n order to state a § 1983 claim against a municipality, the complaint must allege that an official policy or custom not only caused the constitutional violation, but was 'the moving force' behind it." Estate of Sims v. County of Bureau, 506 F.3d 509, 514 (7th Cir. 2007). In Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978), the Supreme Court held that "a municipality cannot be held liable under § 1983 on a *respondeat*

*superior* theory." The parties do not dispute that defendant the Village of Elmwood Park, is not liable under Monell. Rather, plaintiff maintains that the Village is liable for *respondeat superior* for the state law malicious prosecution claim (Count VI) and indemnification under 745 ILCS 10/9-102 (Count VII). Thus, to the extent the complaint purports to state claims under § 1983 against the Village, those claims are dismissed. As the parties agree that the Village is not liable for punitive damages, any request for such relief is dismissed.

## CONCLUSION

For the foregoing reasons, the court grants in part and denies in part defendants' motion (Doc. 10) to dismiss for failure to state a claim. The court grants defendants' motion to dismiss Counts I, III, V, and VI. The court further grants defendants' motion as to all remaining § 1983 claims and any claims for punitive damages against the Village of Elmwood Park. The court denies defendants' motion as to Count IV. Plaintiff is granted leave to file an amended complaint consistent with this opinion on or before April 9, 2019. The status hearing previously set for March 20, 2019, is continued to April 16, 2019, at 9:00 A.M.

**ENTER:** **March 18, 2019**

_____
**Robert W. Gettleman
United States District Judge**